MOORE, J.,
for the Court:
¶ 1. Appellant Thomas W. Craigo, Jr.’s 1995 Ford truck was seized when he was found with marijuana and a pipe containing traces of methamphetamine and cocaine during his arrest for driving under the influence. Due to Craigo’s failure to timely file pleadings to contest forfeiture of his vehicle, the Pontotoc County Circuit Court dismissed Craigo’s petition for judicial review. Craigo cites the following issues on appeal
I. WHETHER APPELLANT’S PETITION FOR JUDICIAL REVIEW WAS TIMELY FILED;
II. WHETHER THE FAILURE TO FILE THE PETITION FOR JUDICIAL REVIEW WAS EXCUSABLE NEGLECT SUCH THAT THE TIME PERIOD TO FILE HIS PETITION SHOULD HAVE BEEN EXTENDED.
Finding no error, we affirm.
FACTS
¶ 2. On October 7, 1997, Appellant Thomas W. Craigo, Jr. was arrested for driving under the influence. A search of Craigo’s truck uncovered a pipe containing traces of methamphetamine and cocaine. Craigo had 2.2 grams of marijuana on his person. The Pontotoc Police Department seized Craigo’s truck pursuant to Miss. Code Ann. § 41-29-153 (Rev.1993).[1] Officer Mills testified that he served a notice of intention to forfeit seized property on Craigo on October 7, 1997, the day Craigo was arrested. Both the notice and the sheriffs return were dated October 7, 1997. Craigo denied that he was served with the notice on the day of his arrest. He first testified that he received the no *351 tice by mail. He then testified that he received the notice on the day he was released from Pontotoc jail about three days after his arrest.
¶ 3. November 6, 1997, the attorney for the Pontotoc Police Department prepared a declaration of forfeiture, as provided under Miss.Code Ann. § 41-29-179(b) (Supp. 1999), because Craigo did not answer or otherwise contest the notice of forfeiture within thirty days.[2] Craigo filed a petition for judicial review of the notice of forfeiture on November 12, 1997, and a motion to set aside the forfeiture on November 24, 1997. After hearing testimony from Crai-go and Officer Mills, the circuit court ruled that Craigo was served with the notice of forfeiture on October 7, 1997, and dismissed Craigo’s case for failure to file within the statutorily prescribed time period. The merits of the forfeiture were never reached in the trial court, and this Court is not called upon to review the same.
LAW AND ANALYSIS
I. WAS APPELLANT’S PETITION FOR JUDICIAL REVIEW TIMELY FILED?
¶4. The standard of review for findings of fact of a circuit court sitting without a jury is the familiar substantial evidence, clearly erroneous standard. Kight v. Sheppard Building Supply, Inc., 537 So.2d 1355, 1358 (Miss.1989). The circuit court in the case sub judice heard testimony from Officer Mills that he served the notice on October 7. The trial court also saw documentary evidence that the notice was served on October 7. Specifically, the notice was dated October 7, and the sheriffs return which accompanied the notice indicated that Officer Mills served Craigo with the notice on October 7.
¶ 5. Conversely, Craigo testified that he did not receive the notice on October 7. He first testified that he received the notice by mail and that he may have also received it when he was released from jail three days later. Craigo at first testified that he could not remember whether he received the notice upon his release from jail but later testified, to his “best knowledge,” that he received the notice on the date of his release from jail. Under cross-examination, Craigo admitted that he was not absolutely certain when he received the notice.
¶6. Substantial evidence supports the trial court’s finding that Craigo received the notice on the date of his arrest, October 7; therefore, the trial court did not err in finding that Craigo’s petition for judicial review was untimely filed. This assignment of error is without merit.
II. WAS THE FAILURE TO FILE THE PETITION FOR JUDICIAL REVIEW EXCUSABLE NEGLECT SUCH THAT THE TIME PERIOD TO FILE CRAIGO’S PETITION SHOULD HAVE BEEN EXTENDED?
¶ 7. Craigo argues that under M.R.C.P. 6(b) the trial court has the discretion to extend the thirty-day time period if it finds the failure to act resulted from excusable neglect. We have reviewed the entire record and have found no instance where Craigo moved the trial court for such extension. “A trial court cannot be put in error on a matter not presented to the court for decision.” Chase v. State, 645 So.2d 829, 846 (Miss.1994). Since Craigo never moved for an extension, “he is precluded from raising this claim on appeal.” Id.
¶ 8. Even had Craigo requested an extension under M.R.C.P. 6(b), he would not have been entitled to such. M.R.C.P. 6(b) provides:
When by these rules or by notice given thereunder or by order of court an act is required or allowed to be done at or *352 within a specified time, the court for cause shown may at any time in its discretion ... (2) upon motion made after the expiration of the specified period permit the act to be done where failure to act was the result of excusable neglect. ...
M.R.C.P. 6(b) authorizes the trial court to extend time periods set by “these rules” or by “notice given [under these rules]” or “by order of court.” M.R.C.P. 6(b) does not authorize the trial court to enlarge a statutory limitations period such as the one involved in the case sub judice, and Craigo cites nothing to indicate that the trial court has such authority.
¶ 9. THE JUDGMENT OF THE PON-TOTOC COUNTY CIRCUIT COURT DISMISSING APPELLANT’S PETITION FOR JUDICIAL REVIEW IS HEREBY AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, PAYNE, AND THOMAS, JJ, CONCUR.

. Miss.Code Ann. § 41-29-153 (Rev.1993) holds, among other things, that all conveyances used to transport a controlled substance are subject to forfeiture.

. Miss.Code Ann. § 41-29-179(5) (Supp. 1999) provides: “Any person claiming an interest in property which is the subject of a notice [of forfeiture] under this section may, within thirty (30) days after receipt of the notice ... file a petition to contest....”